IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

O. WAYNE SNYDER,                          )
                                          )
                        Plaintiff,        )
                                          )
            vs.                           )      Case No. 11-2271-JAR
                                          )
EMBARQ MANAGEMENT COMPANY,   )
                                          )
                        Defendant.        )
_____)

## MEMORANDUM AND ORDER

Plaintiff filed this action alleging claims of discrimination and retaliation on the basis of

age under the Age Discrimination in Employment Act ("ADEA") against his former employer

Embarq Management Company ("Embarq").  Before the Court is defendant's Motion to Dismiss

under Fed. R. Civ. P. 12(b)(6) (Doc. 9).  The motion is fully briefed and the Court is prepared to

rule.  As described more fully below, defendant's motion is denied without prejudice and

plaintiff is granted an additional period of time to file a properly supported motion for leave to

amend the complaint.

**I.      Rule 12(b)(6) Standard**

To survive a motion to dismiss, a complaint must present factual allegations, assumed to

be true, that "raise a right to relief above the speculative level" and must contain "enough facts to

state a claim to relief that is plausible on its face."[1]  Under this standard, "the complaint must

give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual

_____

[1]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

support for *these* claims."[2]  The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully,"[3] but requires more than "a sheer possibility."[4]

The plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*[5] seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"[6]  *Twombly* does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[7]

The Supreme Court has explained the analysis as a two-step process.  For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[8]  Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[9]  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an

---

[2]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

[3]*Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009).

[4]*Id.*

[5]550 U.S. 544 (2007).

[6]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

[7]*Id.* (citing *Twombly*, 550 U.S. at 556).

[8]*Iqbal*, – U.S. –, 129 S. Ct. at 1949–50.

[9]*Id.* at 1950.

entitlement to relief."[10]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]

Along with its motion, defendant submitted evidence outside the pleadings—a General Release Agreement.[12]  Generally, "when matters outside the pleadings are presented to and not excluded by the court [in deciding a motion under Rule 12(b)(6)], the motion must be treated as one for summary judgment under Rule 56."[13]  The court has discretion to accept or reject documents attached to a motion to dismiss pursuant to Rule 12(b)(6).[14]  However, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss."[15]  Here, plaintiff explicitly refers to the release agreement in the Complaint, therefore, the Court will consider it in deciding the motion to dismiss.

## II.     First Amended Complaint

The following facts are either alleged in plaintiff's First Amended Complaint ("the Complaint") or constitute portions of the General Release Agreement referenced in the Complaint.  The Court construes the factual allegations in the light most favorable to plaintiff.

---

[10]*Id.*

[11]*Id.* at 1949.

[12]Doc. 10, Ex. A.

[13]Fed. R. Civ. P. 12(d).

[14]*Lybrook v. Members of Farmington Mun. Sch. Bd. of Educ.*, 232 F.3d 1334, 1341 (10th Cir. 2000).

[15]*GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381 (10th Cir. 1997).

3

Plaintiff was employed by defendant as a supervisor and competently performed his job duties for approximately ten years.  During the course of his employment, plaintiff became concerned about age bias in the workplace arising from differential treatment he sustained.  Specifically, in late 2009 and early 2010, plaintiff was demoted by a younger manager and effectively replaced by a younger employee.  He was also denied continued employment opportunities.

Prior to his termination, plaintiff notified defendant and certain government agencies that he was discriminated against because of his age.  Plaintiff was terminated in May 2010.  At the time of his termination, plaintiff executed a General Release Agreement, under which he received eighteen weeks of severance pay and benefits.  That release agreement provides, in part, as follows:

> In consideration for the separation pay and benefits described  in paragraph 1 . . .  you release and forever discharge . . . EMBARQ Corporation . . . from any and all liability, actions, and c1aims, known or unknown, fixed or contingent, that you now have or may claim to have arising out of your employment relationship with [EMBARQ] or the termination of that relationship and, with respect to claims arising under tho Worker Adjustment and Restraining Notification (WARN) Act, 23 U.S.C.§ 2101 et seq., any claims that you have or may claim to have, either now or in the future, arising out of the termination of your employment relationship with [EMBARQ].
>      This release includes claims arising under federal, state, or local laws prohibiting employment discrimination or claims growing out of any legal restrictions on [EMBARQ's] right to terminate its employees, including but not limited to claims arising under . . . the Age Discrimination in Employment Act ("ADEA") . . . .[16]

The release agreement also includes an attachment entitled, "Extended Separation Exit Program

---

[16]Doc. 10, Ex. A at 2 ¶ 2.

Additional Disclosures."  This attachment explains that as part of its reorganization of IT,

defendant considered plaintiff and other employees who are part of the following subgroup, or

"decisional unit": "Technical Analyst reporting to Cris Chaffin."  The attachment contains

information about all employees in the decisional unit who are eligible to participate in the

Embarq Separation Plan or CenturyTel RIF Policy, including their ages.

## III.    Discussion

Defendant moves to dismiss the Complaint on the following grounds: (1) plaintiff has

fully released his claims pursuant to the Older Worker Benefit Protection Act ("OWBPA"); (2)

plaintiff has failed to state a claim for relief of age discrimination under the ADEA; and (3)

plaintiff has failed to state a claim for relief of retaliation under the ADEA.  In his response,

plaintiff seeks leave to file an amended complaint if the Court determines that his Complaint

fails to plead sufficient facts that the waiver is invalid.

### A.    Waiver

Under 29 U.S.C. § 626(f)(1), an individual may waive a right or claim under the ADEA

if the waiver is knowing and voluntary.  The statute sets forth the minimum requirements for a

waiver to be considered knowing and voluntary.[17]  One of the statutory requirements provides:

> [I]f a waiver is requested in connection with an exit incentive or
> other employment termination program offered to a group or class
> of employees, the employer (at the commencement of the period
> specified in subparagraph (F)) informs the individual in writing in
> a manner calculated to be understood by the average individual
> eligible to participate, as to—
> (i) any class, unit, or group of individuals covered by such
> program, any eligibility factors for such program, and any time

---

[17]29 U.S.C. § 626(f)(1)(A)–(H); *see also Kruchowski v. Weyerhaeuser,* 446 F.3d 1090, 1093 (10th Cir. 2006) (summarizing statutory requirements and explaining that there may be other circumstances that impact whether a waiver is knowing and voluntary).

> limits applicable to such program; and
> (ii) the job titles and ages of all individuals eligible or selected for
> the program, and the ages of all individuals in the same job
> classification or organizational unit who are not eligible or selected
> for the program.[18]

Defendant argues that the waiver is a complete bar to plaintiff's ADEA claims without some factual allegation that the waiver is invalid.  Plaintiff responds that (1) he need not allege facts in the Complaint on waiver because he does not assert a claim under the OWBPA; (2) he is not required to plead that the waiver is invalid because he does not bear the burden of proof on that issue; and (3) the waiver is invalid pursuant to the Tenth Circuit's decision in *Kruchowski v. Weyerhaeuser.*[19]

Plaintiff first contends that the allegations in his Complaint are sufficient because he does not plead a claim under the OWBPA.  But this argument is without merit because the OWBPA amended the ADEA.  In 29 U.S.C. § 626(f)(1), "Congress delineated these duties with precision and without qualification: An employee 'may not waive' an ADEA claim unless the employer complies with the statute."[20]  As long as the waiver complies with the requirements in § 626(f), it will be considered knowing and voluntary.[21]

Plaintiff next suggests that he is not required to plead that the waiver is invalid because it is an affirmative defense for which defendant bears the burden of proof.[22]  The Court agrees with defendant, however, that the question on a motion to dismiss is whether the complaint states a

---

[18] *Id*. § 626(f)(1)(H).

[19] 446 F.3d 1090 (10th Cir. 2006).

[20] *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 426–27 (1998).

[21] *Id.*

[22] *See* 29 U.S.C. § 626(f)(3) ("the party asserting the validity of a waiver shall have the burden of proving in a court of competent jurisdiction that a waiver was knowing and voluntary").

claim for relief, not whether plaintiff is able to muster evidentiary support for his claim.  The Court is required to determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."  And if an affirmative defense "appears plainly on the face of the complaint itself, the motion may be disposed of under this rule."[23]  Plaintiff concedes in the Complaint that he signed a release of his ADEA claims, therefore, the Court finds that it is appropriate to consider this affirmative defense on a motion to dismiss.

Finally, plaintiff urges that the factual allegations in the Complaint are sufficient to challenge the validity of the release agreement.  In the Complaint, plaintiff states that the release violates federal law because defendant did not comply with the statutory requirement in § 626(f)(1)(H) that it provide him with an age disclosure statement.  In his response to the motion to dismiss, plaintiff argues that *Kruchowski* applies to the facts of the waiver in this case. In *Kruchowski*, the Tenth Circuit held that when the decisional unit in the severance agreement differs from the actual decisional unit, it invalidates the waiver.[24]  In that case, plaintiffs were part of a reduction in force and each plaintiff received a Group Termination Notice that identified the decisional unit as "all salaried employees of defendant employed at Valliant Containerboard Mill."[25]  In its response to interrogatories, the defendant indicated that the decisional unit was instead salaried employees reporting to a particular manager.[26]  Because the notices the defendant provided to the plaintiffs was inaccurate and, at best, failed to provide clear

---

[23]*Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965); *see also, e.g.*, *Lassiter v. Topeka Unified Sch. Dist. No. 501*, 347 F. Supp. 2d 1033, 1039–40 (D. Kan. 2004).

[24]*Kruchowski v. Weyerhaeuser*, 446 F.3d 1090, 1094–95 (10th Cir. 2006) .

[25]*Id.* at 1094.

[26]*Id.*

7

information about the decisional unit, the Court found that the defendant did not meet the statutory requirement in

§ 626(f)(1)(H); therefore, the releases were not knowing and voluntary.[27]

The Court is cognizant that the issue in this case arises in the context of pleading and not in the context of summary judgment, as compared to *Kruchowski*.  Plaintiff's Complaint states that defendant did not provide him with an age disclosure statement.  But this allegation is belied by the document itself, referenced in the Complaint and attached to the defendant's motion to dismiss.  The Extended Separation Exit Program Additional Disclosures document, attached to the release agreement, identifies "Technical Analysts Reporting to Cris Chaffin" as the decisional unit.  This document provides the number of each type of employee in the decisional unit by title and age.

Plaintiff acknowledged the existence of the waiver in his Complaint; yet, the basis for his claim that the waiver is invalid is not supported by the document itself.  The document shows that plaintiff did receive an age disclosure statement.  On this basis, the Court would grant defendant's motion to dismiss.  However, in his response, plaintiff seeks leave to amend his Complaint in the event the Court finds that he must plead additional facts to show that the waiver is not valid.  The Court declines to grant plaintiff leave to amend absent a properly filed and supported motion for leave to amend the Complaint.[28]  Therefore, the Court will allow plaintiff an additional period of time to file a motion for leave to amend the Complaint to allege sufficient facts that, if true, would establish that the waiver in this case is invalid.

---

[27]*Id.*

[28]*See* Fed. R. Civ. P. 15(a)(2); D. Kan. R. 15.1.

### B.    Discrimination Claim

Defendant next argues that plaintiff fails to allege sufficient facts to establish a claim for relief on the ADEA discrimination claim.  Under the ADEA, it is unlawful for an employer "to fail to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."[29]

In *Swierkiewicz v. Sorema N.A.*,[30] the Supreme Court explained that a prima facie case of discrimination "operates as a flexible evidentiary standard" and not a "rigid pleading standard."[31] Therefore, the plaintiff need not have "adequately alleged a prima facie case" or "circumstances that support an inference of discrimination" in order to survive a motion to dismiss.[32]  In employment discrimination cases, plaintiffs "must satisfy only the simple requirements of Rule 8(a)."[33]  Therefore, the Complaint must provide "fair notice of the basis for [plaintiff's] claims,"[34] as that standard was further revised in *Twombly*.

Plaintiff alleges that in late 2009 and early 2010, he was demoted by a younger manager and effectively replaced by a younger employee.  He also alleges he was denied continued employment opportunities.  The Court finds that these factual allegations, while minimal, are sufficient to place defendant on notice of the basis for his claims, that is, that plaintiff was

---

[29]29 U.S.C. § 626(a)(1).

[30]534 U.S. 506 (2002).

[31]*Swierkiewicz*, 534 U.S. at 512.

[32]*Id.* at 509.

[33]*Id.* at 513.

[34]*Id.*

demoted and then replaced by younger employees and that he was denied continued employment opportunities because of his age.

### C.    *Retaliation Claim*

Defendant next argues that plaintiff fails to allege sufficient facts on the retaliation claim. The ADEA makes it unlawful to retaliate against an employee because the employee has opposed any practice made unlawful by the ADEA, or because the employee has "participated . . . in an investigation, proceeding or hearing."[35]  The elements of a prima facie claim of retaliation under the ADEA are: (1) the employee engaged in protected opposition to discrimination; (2) the employee suffered an adverse employment action during or after his protected opposition that a reasonable employee would have found materially adverse; and (3) a causal connection exists between the protected activity and the materially adverse action.[36]

Plaintiff alleges facts sufficient to place defendant on notice of his claim of retaliation. He alleges that he engaged in protected opposition by notifying defendant and certain government agencies that he was discriminated against because of his age.  He alleges that he was terminated because he engaged in this protected activity.  While the Court acknowledges that plaintiff's factual allegations are minimal, they are sufficient under the applicable standard to place defendant on notice of plaintiff's claims.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. 9) is **denied without prejudice.  Plaintiff shall file a motion for leave to amend the complaint no later than October 7, 2011.  Defendant shall respond by October 21, 2011 and at that time may renew its motion to dismiss on**

---

[35]29 U.S.C. § 623(d).

[36]*Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1201–02 (10th Cir. 2008).

10

**grounds of waiver.**

      **IT IS SO ORDERED.**

Dated: <u>September 26, 2011</u>

                                   <u>S/ Julie A. Robinson</u>
                                  JULIE A. ROBINSON
                                  UNITED STATES DISTRICT JUDGE