**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| O. WAYNE SNYDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-2271-JAR |
| ) | |
| EMBARQ MANAGEMENT COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Before the Court is plaintiff O. Wayne Snyder's Motion for Leave to File Second Amended Complaint (Doc. 14), which was filed in order to cure defects identified by the Court in its September 26, 2011 Memorandum and Order (Doc. 13) denying defendant Embarq Management Company's motion to dismiss.  Defendant has responded; it does not oppose leave to amend but seeks leave to file a motion for an award of fees and costs incurred in filing its motion to dismiss.

Defendant moved to dismiss the First Amended Complaint because, as alleged in that pleading, plaintiff signed a waiver of age discrimination claims pursuant to the Older Worker Benefit Protection Act ("OWBPA") and did not allege sufficient facts that, if true, would establish that the waiver is void.   In its September 26 Memorandum and Order, the Court agreed with defendant that the facts as alleged did not establish that the wavier was void under 29 U.S.C. § 626(f)(1).  However, in the response, plaintiff sought leave to amend in the event the Court found that its factual allegations were insufficient.  The Court permitted plaintiff an additional period of time to file a properly supported motion for leave to amend and the instant

motion followed.

Defendant attaches to its response correspondence between counsel in this matter, which it argues supports an award of fees and costs under 28 U.S.C. § 1927 against plaintiff's counsel for his lack of care in drafting the First Amended Complaint. Under that provision, "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct." A court may award attorneys' fees under § 1927 when it finds that an attorney's conduct "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court."[1]

Here, while it appears that plaintiff did not accurately state in the First Amended Complaint his factual basis for contending that the waiver is void, the record shows no indication of bad faith on the part of plaintiff's counsel or that plaintiff's counsel acted vexatiously or in reckless indifference to the law. To be sure, the motion to dismiss on grounds of waiver could have been avoided had plaintiff simply further amended the complaint the first time to assert the factual basis for contending that the waiver is void, as defendant had informally requested. Instead, given the arguments advanced on the motion to dismiss, it appears that plaintiff's counsel took the position that he need not plead facts to support an affirmative defense, and that the facts as alleged were sufficient. While the Court obviously was not persuaded by these arguments, it cannot find that counsel acted recklessly or with indifference to the law. And

---

[1] *Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1201 (10th Cir. 2008) (quotation omitted).

given that this was but one discrete issue presented on the motion to dismiss,[2] the Court declines to find that counsel's conduct unreasonably multiplied these proceedings.  Thus, the Court grants plaintiff leave to file the Second Amended Complaint attached to his motion and denies defendant leave to file a motion for attorneys' fees and costs.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff O. Wayne Snyder's Motion for Leave to File Second Amended Complaint (Doc. 14) is **granted**.  Plaintiff shall file the Second Amended Complaint within fourteen (14) days.  Defendant's request for leave to file a motion for fees and costs is denied.

Dated: October 25, 2011

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[2] In fact, defendant also moved to dismiss on the merits of plaintiff's discrimination and retaliation claims under the Age Discrimination in Employment Act and the Court denied the motion on these grounds.  Therefore, the Court cannot find that the motion would not have been filed if plaintiff's counsel had simply alleged further facts to support its contention that the waiver is void.